IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-31170

LAMON LAMAR MOODY, IV

Petitioner-Appellant,

versus

JAMES M LEBLANC,

Respondent-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CV-337)

June 30, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Lamon Lamar Moody was convicted in Louisiana state court for attempted first-degree murder. Moody seeks federal habeas relief claiming an error in jury instructions, ineffective assistance of counsel for failure to object to the jury instructions, and the improper admission of a hearsay statement.

Moody was charged with attempting with a friend, Brady Lockhart, to kill several people in an apartment after an argument; Moody's defense was that, although he was with Lockhart at the time, he only fired his gun into the air and did not intend to hurt anyone. Following Moody's conviction after a jury trial, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealed in state court, which affirmed the judgment. He sought and was denied state post-conviction relief. Moody then filed his federal petition, which was denied. Moody received a COA from this court on the issues he appeals today.

A flawed jury instruction violates due process if it relieves the state of having to prove each element of the offense.[1] Louisiana law requires that for first-degree murder or its attempt, the jury must find that the offender has specific intent to kill or to inflict great bodily harm upon more than one person.[2] A jury instruction must make clear that intent must be proved as to the particular defendant.[3]

Moody contends that the jury instruction in his case did not require a finding that Moody had specific intent to kill but rather suggested that if the jury found that if a co-conspirator had the intent to kill, that intent could be inferred to Moody. Although the trial court's instruction as to specific intent did not make it clear that Moody, not Lockhart, must have had the requisite intent, the court's other comments made it clear that intent must be proved as to Moody. Any error in the instructions thus did not rise to the level of a federal constitutional deficiency.

Moody's claim of ineffective assistance turns on the merits of his jury instruction contention. As we find no cognizable error in

---

[1] Sandstrom v. Montana, 442 U.S. 510, 520 (1979).

[2] See LA. REV. STAT. ANN. 14:30; State v. Holmes, 388 So.2d 722, 726 (La. 1980).

[3] Flowers v. Blackburn, 779 F.2d 1115, 1117, 1121-22 (5th Cir. 1986).

the instruction, the failure to object to the instruction does not amount to ineffective assistance.

Moody correctly contends that a hearsay statement was admitted into evidence against him. Even assuming that Moody did not waive this argument during his state appeals, however, we find no error cognizable as a federal habeas claim, where an evidentiary error must be a "crucial, critical, or highly significant factor in the context of the entire trial."[4] The relevant statement did not contradict Moody's own testimony that he shot into the air, not at the apartment. Although the statement suggested that Moody knew that Lockhart said he would shoot someone, common sense would indicate that Moody must have thought of that possibility when they took loaded guns from their friend's home and returned to the scene of the initial altercation. The hearsay statement was thus not a highly significant factor in the context of the entire trial.

AFFIRMED.

---

[4]See _Thomas v. Lynaugh_, 812 F.2d 225, 230-31 (5th Cir. 1987).